UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| RUSSELL WIMBLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:06-CR-157 |
| | ) | 3:10-CV-241 |
| UNITED STATES OF AMERICA, | ) | (VARLAN/SHIRLEY) |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Russell Wimbley ("petitioner"). For the reasons stated below, the motion will be **DENIED** as time-barred and this action will be **DISMISSED**.

Petitioner was found guilty by a jury on three counts of distribution of crack cocaine and was sentenced to a term of life imprisonment. His convictions and sentence were affirmed on direct appeal. *United States v. Wimbley*, 553 F.3d 455 (6th Cir.), *cert. denied*, 129 S. Ct. 2414 (2009). Section 2255 provides for a one-year statute of limitation in which to file a motion to vacate sentence; the limitation period generally runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f). The Supreme Court denied petitioner's petition for writ of certiorari on May 18, 2009, and his conviction became final on that date. Accordingly, petitioner had until May 18, 2010, within which to file his § 2255 motion. *See Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir. 1997).

The Court received petitioner's § 2255 motion on May 27, 2010. Under the "prison mail room filing" rule of *Houston v. Lack*, 487 U.S. 266, 270-72 (1988), a pleading is "filed" by a *pro se* prisoner when it is given to a prison official for mailing. *See Towns v. United States*, 190 F.3d 468 (6th Cir. 1999) (prison mail box rule of *Houston v. Lack* applies to § 2255 motions). It appears that petitioner's § 2255 motion was not sent out through the prison mail room, however, because the envelope in which the § 2255 motion was mailed to the court does not bear a stamp showing the date it was received by the prison mail room for mailing. [Doc. 68, Motion to Vacate, Attachment 1, Envelope].

The envelope does indicate that it was received by the U.S. Post Office in Jonesville, Virginia, for mailing as certified mail, on May 24, 2010. Petitioner is confined in USP Lee, which is located in Jonesville, Virginia. In the event petitioner gave the § 2255 motion to someone outside the prison to mail for him, the prison mailbox rule would not apply. *See Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

Because the § 2255 motion was not timely filed, petitioner was given the opportunity to show cause why his § 2255 motion should not be barred by the one-year statute of limitation. *See Day v. McDonough*, 547 U.S. 198 (2006) (a district court may sua sponte dismiss a petition as time-barred after giving the petitioner fair notice and an opportunity to be heard).

Petitioner has responded to the show cause order and claims that the statute of limitation should be equitably tolled. The government was then ordered to address

2

petitioner's claim that he is entitled to equitable tolling of the statute of limitation; it has done so and objects to equitable tolling of the statute of limitation in this case.

The Supreme Court has held that equitable tolling of a statute of limitation is available "in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citations omitted). "A habeas petitioner is entitled to equitable tolling only if two requirements are met. First, the petitioner must establish 'that he has been pursuing his rights diligently.' And second, the petitioner must show 'that some extraordinary circumstance stood in his way and prevented timely filing.'" *Hall v. Warden*, 662 F. 3d 745, 749 (6th Cir. 2011) (quoting *Holland v. Florida*, 130 S. Ct. at 2562) (holding that counsel's failure to turn over the trial transcript as well as other documents related to the case and the prison's restriction on visits to the law library did not entitle petitioner to equitable tolling; also noting that *Holland*'s two-part test replaced the five-factor inquiry the Sixth Circuit had previously set forth in *Dunlap v. United States*, 250 F.3d 1001, 1004-07 (6th Cir. 2001)).

Petitioner alleges he is entitled to equitable tolling based upon the following: Petitioner states that his § 2255 motion was ready for filing on May 14, 2010. When he went to his counselor, Mark A. Ryan, to have his signature notarized, he was erroneously told by Mr. Ryan's secretary that only Mr. Ryan could notarize petitioner's signature and that Mr. Ryan was in training and unavailable. Petitioner further states that when Mr. Ryan returned on May 19, 2010, he notarized petitioner's signature and placed the pleading in the prison mail room for filing; according to petitioner, Mr. Ryan also corrected his secretary and told

3

the secretary that he had an alternative person to notarize documents in his absence. Petitioner contends that the statute of limitation should be equitably tolled because he was mistakenly informed by Mr. Ryan's signature that there was no one else who could notarize his signature.

Petitioner has provided the court with a statement from Mr. Ryan, in which Mr. Ryan confirms that his secretary erroneously informed petitioner that his signature could not be notarized until Mr. Ryan's return from training. [Doc. 72, Response, Exhibit 2, Statement from Mark A. Ryan, p. 1]. Mr. Ryan does not confirm, however, that he took the document to the prison mail room; instead, he states that he notarized the document and then petitioner mailed it. [*Id*.]. As previously noted, the envelope in which the § 2255 motion was mailed does not bear a stamp showing the date it was received by the prison mail room for mailing, but rather indicates it was received by the U.S. Post Office in Jonesville, Virginia, for mailing on May 24, 2010. It is worth noting that the envelope in which petitioner's response to the show cause order was mailed does bear a stamp showing that it was received by the prison mail room on July 5, 2010. [*Id*., Attachment 1, Envelope].

In any event, whether the § 2255 motion was taken to the prison mail room for mailing on May 19, 2010, or to the U.S. Post Office in Jonesville, Virginia, on May 24, 2010, is irrelevant because the § 2255 motion was not timely mailed in either case. For the following reasons, the Court finds that petitioner is not entitled to equitable tolling of the statute of limitation.

4

An individual who files a § 2255 motion does not need to have his signature notarized. Rather, he need only sign the § 2255 motion "under penalty of perjury." Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings For The United States District Courts. The fact that petitioner erroneously believed that his signature needed to be notarized does not afford him relief. "It is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling." *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *see also Harrison v. I.M.S.*, 56 F. App'x 682, 685, 2003 WL 173669 *4 (6th Cir. 2003) ("Petitioner's alleged ignorance of legal matters does not demonstrate a lack of constructive knowledge of the filing deadline."); *Miller v. Cason*, 49 F. App'x 495, 497, 2002 WL 31164208 *2 (6th Cir. 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition.").

Petitioner's reliance on the fact that Mr. Ryan's secretary gave him erroneous information also does not afford him any relief. *See, e.g., Elliott v. Dewitt*, 10 F. App'x 311, 313 (6th Cir. 2001) ("an attorney's mistake which results in missing the filing deadline imposed by the AEDPA is not a basis for equitable tolling"). "The doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations and internal quotations marks omitted).

Under the circumstances, petitioner has not demonstrated that he is entitled to equitable tolling of the statute of limitation and his § 2255 motion is time-barred. *See Jurado*

5

*v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)) ("'Absent compelling equitable considerations, a court should not extend limitations by even a single day.'").

To the extent petitioner also claims that the statute of limitation operates as a suspension of the Great Writ, that argument lacks merit. "Like every other court of appeals to address the issue, this court has held that AEDPA's one-year statute of limitations does not improperly suspend the writ of habeas corpus." *Hill v. Dailey*, 557 F.3d 437, 438 (6th Cir. 2009) (citations omitted).

The motion to vacate, set aside or correct sentence will be **DENIED** as time-barred and this action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure. The Court will further **DENY** petitioner leave to proceed *in forma pauperis* on appeal.

    **AN APPROPRIATE ORDER WILL ENTER.**

    s/ Thomas A. Varlan
    CHIEF UNITED STATES DISTRICT JUDGE